Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

FILED BY _____ D.C.

APR 27 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT

for the

District of **Southern** District of **Florida**

**Civil** Division

RICHARD JUSTIN RIVERA

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **2:21-CV-14302-DPG**

(to be filled in by the Clerk's Office)

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

ROSEMARY JONES-CHAMBLISS
GARY R. SILVERMAN, MD,
PRIMARY CARE OF THE TREASURE COAST, Inc.
and Cleveland Clinic Indian River Hospital

Defendant(s)
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                          RICHARD JUSTIN RIVERA

All other names by which
you have been known:

ID Number                     17-3233

Current Institution           Indian River County Jail

Address                       4055 41st Ave.

Vero Beach          FL.        32960
*City*              *State*    *Zip Code*

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name                          ROSEMARY JONES-CHAMBLISS

Job or Title *(if known)*     HEAD Supervisor Nurse

Shield Number

Employer                      Cleveland Clinic Indian River Hospital

Address                       1000 36th Street

Vero Beach          FL.        32960
*City*              *State*    *Zip Code*

[X] Individual capacity    [ ] Official capacity

Defendant No. 2

Name                          GARY R. SILVERMAN

Job or Title *(if known)*     MEDICAL DOCTOR / Physican

Shield Number

Employer                      Cleveland Clinic Indian River Hospital

Address                       1000 36th Street

Vero Beach          FL.        32960
*City*              *State*    *Zip Code*

[X] Individual capacity    [ ] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name      Primary Care of the Treasure Coast, Inc.
    Job or Title *(if known)*
    Shield Number
    Employer
    Address      1265 36th St.
         Vero Beach      FL.      32960
         *City*      *State*      *Zip Code*
    [X] Individual capacity    [ ] Official capacity

Defendant No. 4
    Name      Cleveland Clinic Indian River Hospital
    Job or Title *(if known)*
    Shield Number
    Employer
    Address      1000 36th Street
         Vero Beach      FL.      32960
         *City*      *State*      *Zip Code*
    [X] Individual capacity    [ ] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    [ ] Federal officials (a *Bivens* claim)

    [X] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Fourteenth Amendment, Eighth Amendment - Due Process

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Page 3 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. The Indian River County Sheriff's Office is constituted under the Executive Branch of the STATE of Florida by Statue. Defendant's upon "closing" of a "contract" and agreement and actions within course of employement were employees by the agents of said institution. The plaintife claims statutory and constitutional violations were under taken by defendant's while in the employ of this state constituted agency to conduct and perform specific directives of policies and procedures.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [X] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Inside Indian River County Jail, Vero Beach Florida

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Indian River County Jail, Vero Beach Florida

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.     What date and approximate time did the events giving rise to your claim(s) occur?

Between October 2019, and May 2021
_____ (See Attachment)

D.     What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

SEE Attached Complaint

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

SEE ATTACHED COMPLAINT

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

SEE ATTACHED COMPLAINT

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Indian River County Jail, Vero Beach  FLorida

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Defendants each ignored plaintiffs request for medical care for the complaint of his serious medical need

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

*Indian River County Jail, Vero Beach, FLorida*

2.    What did you claim in your grievance? *Multiple grievance that went on for a substantial lengthy period of time with claims he had a serious medical need detailing pain and chronic diarreah with bleeding. As well as concerns about staff in medical disregarding action and continuous delay*

3.    What was the result, if any? *After significant and injurious delay, I was allowed to see gastroenterology specialist Medical Doctor Alec Lui. Plaintiff's complaints were found to be a serious medical condition. Irritable Bowel Disease with the diagnosis of Ulcerative Procitis. Which was informed when the bowels were inflammed that only proper medication and diet change can take the inflammation into remission.*

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

*Grievance process seems to be completed at this time.*

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

N/A

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. As well as utilizing the institutions grievance procedure plaintiff filed several complaints with the institutions Internal Affairs Division

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     *4-05-2022*

Signature of Plaintiff     *Richard Justin Rivera*
Printed Name of Plaintiff     *RICHARD   JUSTIN   RIVERA*
Prison Identification #     *17-3233*
Prison Address     *4055  41st  Avenue*
                *Vero Beach*            *FL.*        *32960*
                        City                        State            Zip Code

### B.    For Attorneys

Date of signing:     _____

Signature of Attorney     _____
Printed Name of Attorney     _____
Bar Number     _____
Name of Law Firm     _____
Address     _____
                        _____
                        City                        State            Zip Code

Telephone Number     _____
E-mail Address     _____

1. This is a civil rights action filed by the plaintiff, RICHARD JUSTIN RIVERA, a pre-trial detainee held at the Indian River County Jail, for damages and tort claims under 42 U.S.C. 1983 alleging deprivation of adequate medical care, and negligent acts of Health Care Services. In violation of constitutional and statutory rights of the Due Process clause of the Fourteenth Amendments and the Eighth Amendments of the United States Constitution.

2. This court has jurisdiction over the plaintiffs claims of violation of federal constitutional rights under 28 U.S.C. 1331 and/or 42 U.S.C. 1331(1) and 1343.

( PARTIES )

3. At all times during this complaint the plaintiff, RICHARD JUSTIN RIVERA, was incarcerated as a pre-trial detainee and has so been detained at Indian River County Jail for fifty six months.

4. At all times during this complaint plaintiff, RICHARD JUSTIN RIVERA, was unable to physically or financially provide for his own medical care, and was only able to receive

medical diagnosis and treatment from defendants at Indian River County Jail.

5. PRIMARY CARE OF THE TREASURE COAST, Inc. and CLEVELAND CLINIC INDIAN RIVER HOSPITAL, Is a corporation... At all times relevant to this Action, pursuant to the "contractual agreement"... The corporation hereabove, is liable for failure to properly train, their employees...

In the matters of services pertaining to the type of medical care to the plaintiffs condition. By "contractual law" the corporation shall be a party to this action... Along with other "corporation" and "shareholders". That may also be a party to the contract. All legal parties to the contract, are liable for the violation of plaintiffs rights to the United States Constitution.

Furthermore the plaintiff has the consent of the defendant's to amend and add other parties to the complaint... In the interest of Justice...

6. Defendant ROSEMARY JONES-CHAMBLISS, was at all times relevant to this complaint the Nursing Supervisor with decision making authority over triage and treatment of inmate medical complaints at Indian River County Jail.

7. Defendant GARY R. SILVERMAN, at all times during this complaint was the physican responsible for the medical department at Indian River County Jail.

8. Each of the defendants had acted under Color of STATE LAW at all times relevant to this complaint.

9. Each defendant is sued in her or his individual capacities.

## ( STATEMENT OF FACTS )

10. Around early October 2019, plaintiff, RICHARD JUSTIN RIVERA, sent to sick-call complaint of recurring abdominal pain.

11. In the sick-call request, plaintiff asked that he be taken off Zantac 150 that he was prescribed: double the recommended dose a day for over two and a half years (six months previous the widley publicized recall went out)

12. About a week to the day, medical staff stopped giving the plaintiff the Zantac 150 twice a day as requested. Shortly thereafter, plaintiff began to suffer from chronic diarreah.

Plaintiff made it aware to the medical staff and asked for Imodium AD. Abdominal pain continued for two months or so after cessation of Zantac.

13. Plaintiff, became concerned after two straight weeks because abdominal pain and diarreah did not stop. Plaintiff wrote to medical and advised that this prolonged diarreah has occured

And that this is a serious illness that needed to be addressed by a trained medical professional. In the request plaintiff, offered his opinion it had to be a stomach virus or after-affect symptoms of taking the Zantac 150.

14. Weeks elapsed with no-sick-call being scheduled for plaintiff, to be able to talk to a physican or a trained medical professional, or requested nurse and examined. The condition deteriorated to blood mixed in with the diarreah and stool.

Plaintiff, wrote medical and made them aware of the blood and mucus in his stools.

15. Defendant LPN ROSEMARY JONES-CHAMBLISS, was constitutionally deficient and in breach of her "service contract" or "agreement" when she didn't bring plaintiff, to medical for observations and to examine his stool. Which was a "pivotal requirement" to diagnosis of the hemorrhagic blood loss plaintiff was writing sick-call request complaints asking for treatment. Defendant's willful and wanton decision to not put plaintiff in medical for observation prolonged needed medical care causing emotional distress and the condition, to manifest.

( PLAINTIFF'S SERIOUS MEDICAL NEED )

16. Plaintiff RICHARD JUSTIN RIVERA'S, condition has been diagnosed as ulcerative procitis which is in a contained

controled spot as of July 12, 2021 and that is in the rectum.
It is a condition that has resulted in the plaintiff sustaining
in unnecessarily prolonged physical pain, discomfort, blood loss, and
alteration of daily activities with the constant urges of having
to defecate. When the condition has been diagnosed and treated
with medication a whole diet change including a high fiber
diet. The bleeding and mucus and urge to defecate could
be regulated and tend to subside. It can have a reocurring flare
up by improper diet. The specialist Dr. Alec Lui, a gastrointestinal
physican, informed plaintiff that when untreated the illness can
result to irritation and inflammation of a more wide spread area
section of the bowels and or could have a blood vessel to burst
in the bowels. If not treated the whole bowels could become
inflammed and cause dramatic weight loss.

## Defendant ROSEMARY JONES-CHAMBLISS's Deliberate Indifference

17. Around January 2020, Plaintiff was called to medical
for a sick-call appointment. In what the plaintiff, saw as an
effort to humilate, ridicule, and discourage plaintiff, from seeking
potentialy costly diagnosis and treatment of plaintiffs serious medical
need, then Nursing Supervisor ROSEMARY JONES-CHAMBLISS,

accused the plaintiff of homosexual behavior and advised him to cease this homosexual behavior, implying that such behavior was the cause of the condition. This is the only "treatment" the plaintiff was offered by the defendant that day.

18. The foregoing accusations were slanderous and without foundation then Nursing Supervisor ROSEMARY JONES-CHAMBLISS, chose to make said allegations and refused the opportunity to discuss any treatment or to physically examine the plaintiff.

19. Defendant ROSEMARY JONES-CHAMBLISS, operating on the hypothesis that plaintiffs medical issue was caused by the activity alleged in paragraph 17 impeded treatment for the actual condition later shown to be ulcerative procitis. Defendant acted from deliberate indifference in choosing her hypothesis and disregarding plaintiffs request for medical assistance. The blatant disregard and recklessness not to make medical notes, chart notes of plaintiffs sick-call request violated the "agreement" for defendant to provide. The adequate policies and procedures to ensure that periodic reassesments of the person are conducted based on changes in either the persons condition, diagnosis, or response to treatment. This failure to act permitted the disease to advance beyond the point it would have had defendant acted promptly in referring plaintiff to Dr. Gary R. Silverman, with proper detailed symptoms and complaints of plaintiffs medical conditions.

20. LPN ROSEMARY JONES-CHAMBLISS'S, performance in having "Acknowledgment" of plaintiff's complaints of redress intentionally ignored his constitutional and statutory rights. Defendant acted with lack of training and in bad faith when she did not conduct a form of action to report the allegations to superior persons of plaintiff engaging in sexual activity pursuant to FLa. Stat. 951.23 (10)(e)(f). With the scope of Employement violated plaintiffs Fourteenth and Eighth Amendments of the United States Constitution pursuant with FLa. Stat. 951.23 (4) 1.b. failing to promptly provide adequate medical attention, and the lack of which resulted in aggrevation of the injury.

(Defendant GARY R. SILVERMAN's Deliberate Indifference)

21. Weeks later with plaintiff enduring pain and discomfort no treatment had been given despite numerous follow-up request for treatment of the condition. Plaintiff finally secured an appointment with Jail doctor Dr. Gary R. Silverman.

22. Despite the lack of stool samples and diagnostic means, Dr. Gary R. Silverman, insisted on hypothesis that the condition was merely inflammed hemrrhoids. Defendant Gary R. Silverman, ignored Plaintiff's complaints and reports of bloody stools, bleeding and chronic diarreah with a mucus.

23. Defendant Dr. Gary R. Silverman, performed a digital examination of plaintiffs anus, and finding no inflammed hemorrhoids in or out, refused to escalate the treatment of the plaintiff's condition to a specialist.

24. In refusing to continue to diagnose plaintiffs serious medical condition or to refer plaintiffs condition to a specialist, defendant Dr. Gary R. Silverman, was deliberately indifferent to the plaintiffs serious medical needs.

25. Defendant Medical Doctor Gary R. Silverman, acting within the course and scope of employement informed plaintiff, that he would have to bear the cost of any outside specialty hospital treatment. Defendant's acknowledgement to know the prolonged severity of plaintiff's complaints acts with recklessness and in bad faith with the denial of necessary treatment for and by a specialist. Which further delayed medical care and treatment for plaintiffs serious medical need and prolonged pain and discomfort. Furthermore keeping plaintiff from participating in his daily activities (like outside recreation). That negligently violated a duty to the plaintiff, when he failed to follow policies, or procedures to protect inmates and deprivation of medical care that defendant had a "service contract" or "Agreement" obligation. And in violation of constitutional and statutory rights of the Due Process Clause of the Fourteenth Amendments and the

Eighth Amendments of the United States Constitution.

26. Subsequent to this discussion with Dr. Gary R. Silverman, plaintiff, successfully used the institutional grievance procedure to challenge this denial of care based on his inability to prepay cost. Having to do this caused at least a two month delay in treatment and hardship.

27. Defendants Rosemary Jones-Chambliss, and Dr. Gary R. Silverman, each violated the plaintiffs Fourteenths Amendment right in denying and delaying medical care to the Plaintiff. Defendants acts or omissions resulted in actual physical injury to the plaintiff as well as violating his Eighth Amendment right to be free from there deliberate indifference to his serious medical need.

28. In approximately March 2020, plaintiff was finally transported to an outside specialist Dr. Alec Lui, a gastrointestinal physican. Plaintiff was prescribed : 4 tablets of medication, which defendants took upon themselves to reduce.

29. Plaintiff on 4-7-2021 informed medical that his frequent bowel incontinence (7-10 times a day) a bloody stools with mucus have started again, leaving plaintiff to believe that the medication has stopped working. Plaintiff requested on appointment with the specialist Dr. Alec Lui, in response

plaintiff was informed that lab test were scheduled but that no treatment was warranted. Per Defendant Gary R. Silverman, in refusing to refer to specialist defendant was again deliberately indifferent to plaintiffs medical condition.

30. On both 4-16-2021 and 4-26-2021 plaintiff, informed medical in writing and specifically informed ROSEMARY JONES-CHAMBLISS, about the reoccurance of the symptoms of his condition because the enduring discomfort was so great that he could not wait until lab draw date 5-05-2021, was so far away given the circumstances.

31. When 5-05-2021 came around plaintiff, was called in the morning for labs. Right at that moment plaintiff, was seated on the commode defacating substantial blood. The lab appointment had to be asked to be rescheduled again.

32. A couple of weeks later plaintiff, provided the lab work, but medical did not provide any treatment as expected on 5-02-2021. Plaintiff filed a grievance complaining that only lab work and no treatment was offered plaintiff also complained about the delay of treatment. Dr. Gary R. Silverman, increased the level of plaintiffs medication but did not contact the specialist not even via phone to consult of the reoccurance of plaintiff's ulcerative procitis flare up. To plaintiffs knowledge and belief.

33. On May 21, 2021 Medical informed the plaintiff that an appointment had been scheduled with the specialist

Dr. Alec Lui. This was after plaintiff, had filed a grievance and a medical request.

34. Went to outside specialist on June 6, 2021 Dr. Alec Lui, and doctor ordered plaintiff, to take 4 tablets of the already prescribed medication given back in 2020. Also doctor prescribed steroids to, given two tablets twice a day.

(Exhaustion of Administrative Remedies)

35. The Plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

(Relief Requested)

WHEREFORE, Plaintiff request that the court grant the following relief;

A. Award compensatory damages in the following amounts:

1. $ 750,000 Jointly and severally against PRIMARY CARE OF THE TREASURE COAST, Inc., for the physical and emotional injury resulting from their failure to provide adequate medical care and negligent acts of Health Care Services, to plaintiff.

2. $ 750,000 Jointly and severally against CLEVELAND CLINIC INDIAN RIVER HOSPITAL, for the physical and emotional injury

resulting from their failure to provide adequate medical care and negligent acts of Health Care Services, to plaintiff.

(3.) $200,000 Jointly and severally against defendants ROSEMARY JONES-CHAMBLISS and GARY R. SILVERMAN, for the physical and emotional injury resulting from their failure to provide adequate medical care and negligent acts of Health Care Services, to plaintiff.

(4.) $150,000 Jointly and severally against defendants ROSEMARY JONES-CHAMBLISS, and GARY R. SILVERMAN, for future medical treatment to treat injury from deliberate indifference.

B. Award punitive damages in the following amounts:

(1) $100,000 each against defendant PIMARY CARE OF THE TREASURE Coast, Inc.

(2) $100,000 each against defendant CLEVELAND CLINIC INDIAN RIVER HOSPITAL

(3) $50,000 each against defendant ROSEMARY JONES-CHAMBLISS

(4) $50,000 each against defendant        GARY R. SILVERMAN

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed and dated on the 28th of March, 2022.

Respectfully Submitted

4055 41st Ave            Richard Justin Rivera

Vero Beach, FL. 32960       RICHARD JUSTIN RIVERA



Richard Rivera
4055 41st Ave
Vero Beach Florida
32960

USMS INSPECTED

400
8th Floor
North Miami Avenue
Miami, Florida 33128

U.S. POSTAGE PAID
FCM LG ENV
PALM BAY, FL
32907
APR 22, 22
AMOUNT
$1.96
R2305M149373-23

1029
33128