UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEGAL MAIL
Provided to
Wakulla CI

OCT 12 2022

FOR MAILING

RICHARD JUSTIN RIVERA,
     Plaintiff,

                CASE NO: 2:21-cv-14302-DPG

V.

ROSEMARY JONES-CHAMBLISS,
and GARY R. SILVERMAN, M.D.,
     Defendant's

FILED BY____MC____D.C.

OCT 19 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# MOTION RESPOND IN OPPOSITION TO DEFENDANT'S SUMMARY JUDGEMENT

    Comes now plaintiff, RICHARD JUSTIN RIVERA, pursuant to Rule 56 (c)(4) of the Federal Rules of Civil Procedure. Hereby files this motion in opposition to defendants Motion for summary judgement, and ask the courts to proceed to trial. As grounds therefore would state as follows:

    1. The plaintiffs complaint asserts two counts of deliberate indifference to serious medical needs, to one count each to both defendant's Rosemary Jones-CHambliss, LPN, and Gary R. Silverman, M.D.. Under 42 U.S.C. Section 1983 in there individual capacity. The acts of inadequate medical care with the defendant's disregard to plaintiff's serious medical need with claims of prolonged delay in medical care.

    2. Based upon the pleadings as well as the depositions transcripts, Admissions, interrogatory answers, exhibits, and affidavit. The disputed facts established in opposition

1.

deem that the courts must deny the defendant's motion for summary judgement and proceed to trial.

WHEREFORE plaintiff, respectfully request that this Honorable Court rule in his favor. Further, and in support of this motion. The plaintiff, would refer this Honorable Court the Memorandum of Law in opposition to Defendant's Motion attached hereto and by reference made part hereof.

## MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S

1. This is a complaint in to Plaintiff, RICHARD JUSTIN RIVERA, seeks damages and relief. Claiming defendant's deprived him of a right secured under the Fourteenth Amendment U.S.C. due process clause. Jacoby v. Baldwin Cnty., 835 F.3d 1338, 1334 (11th Cir. 2016) With one count to each defendant Rosemary Jones-Chambliss, LPN, and Gary R. Silverman M.D., for acts of deliberate indifference to plaintiffs serious medical need with inadequate medical care and delay treatment both in there individual capacity. Goodman v. Kimbrough, 718 F.3d 1325, 1331 (11th Cir. 2013)

Defendant Rosemary Jones-Chambliss, LPN, at the time was employed with Indian River County Sheriffs Jail medical which fall under agreement as to being Sheriffs medical staff and follow their Jailhanbook polocies. Along with the Department of Corrections polocies and procedures.

2.

Defendant Gary R. Silverman, M.D., was a employer under "agreement" and "contractual obligation" as health authority over the whole Indian River County Sheriff's office's Jail. Both had over 7 years working experience in doing evaluations, examinations, with policies and procedures of providing medical treatment. To which in the records in the plaintiff's affidavit, admission answers, interrogatory answers and defendant's deposition of the plaintiff. Shows a justified claim in the subsequent case proves, willful, wanton, and outrageous conduct in part of the defendants. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed 2d 251 (1976)

At no time is the plaintiff using The Doctrine of Respondeat Superior in the pleading on any of the two defendants. The doctrine was added in the Amended complaint to try and hold the defendant's employer also responsible for lack of supervision and poor training but the entities were dismissed. Plaintiff alleges that defendant's denied and delayed medical treatment to severe bleeding from the rectum. That was ongoing for weeks and even months before being confronted with disrespect then blatant disregard for plaintiff's ask for diagnosis and treatment for the chronic bleeding. Which amounted to deliberate indifference to a serious medical need with the symptoms of diarrhea, often with blood or pus, abdominal pain and cramping, rectal pain, severe chronic rectal bleeding, urgency to defecate sometimes no less than fourteen times a day. Manner v. Taser Int'l. Inc., 588 F.3d 1291, 1306 (11th Cir. 2009)

3.

Attached hereto in the affidavit plaintiff, has provided material fact to all of the sick-call request complaints, and grievances justified in the complaint with the diagnosis by a gastroenterologist specialist that later after enduring weeks and months of inadequate medical care and blantant disregard and delay of claims of severe bleeding. Was diagnosed by Medical Doctor Alec Lui, with Inflammatory Bowel Disease - Ulcerative Colitis plaintiffs is labled ulcerative procitis. "Inflammation is confined to the area closest to the anus (rectum) and rectal bleeding may be the only sign of the disease"

Ulcerative colitis can be debilitating and can sometimes lead to life threatening complications. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000)

The deliberate indifference standard is met in plaintiffs claim [42-1] paragraphs 17, 18, 19, and 20 after defendant Rosemary Jones-Chambliss, culpable acts of malice and wantonnes to review and treat continous complaints as moderate risk. Showing a objectively serious disregard in her acts to treat and safeguard the safety and risk of harm. That plaintiff is enduring with severe chronic bleeding with constant pain and discomfort. Plaintiffs alleges only with grievances to Internal Affairs defendants or her superiors send plaintiff to see doctor the following day. Which lead to defendants Gary R. Silverman, M.D, act of deliberate indifference contrary to the medical notes in [exh. D pg. 1] no rectal exam was done. The sick-call was more of a consultation informing defendant Silverman, about the several weeks of complaints of constant severe bleeding with and without defecating being diarrhea with mucus. Defendants reply is going to order a slew of lab test. Which coincides with plaintiffs claims and [exh. B pg. 5] medical note 1-14-2020 defendant writing possible hemorrhoids proving

4.

the rectal examination was not done on that date. And when it was done on [Ex. D pg. 2] defendant put a full finger in the rectum and felt all around. Then after the procedure defendant Silverman, informs plaintiff he does not have inner or outer hemorrhoids. Defendant failing to act on information indicating that unconstitutional acts were occuring and aware of the lengthy time period of the complaints. Denies plaintiff, any further treatment and only by pre-payment will plaintiff, be able to see an outside specialist. By affidavit [exh. C pg. 20] plaintiff was only seen that day because of the persistence of the writing sick-call request with having suffering a lengthy period by that date of 2-11-2020 of emotional injury and physical injury. Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed 271 (1991)

2. Plaintiff first started to have symptoms of chronic diarrhea for three days straight. To which he put in sick-call request [Exh. C pg. 3] asking for over the counter treatment. Then in [Exh. C. pg. 4] plaintiff makes aware to medical staff by sick-call request that the diarrhea has progressed to a serious medical need being that now mucus and blood are coming out of his (rectum) anus when he farts. Then when he defecate's blood and mucus diarrhea come out before any stools are being released. Now to the date of 12-3-2019 informing medical staff of the progression of the symptoms that first started off as chronic consistant diarrhea. Goodman v. Kimbrough, 718 F.3d 1325, 1331-32 (11th Cir. 2013)

Defendant Rosemary Jones-Chambliss, LPN, views the plaintiffs complaint in sick-call request [Exh. C pg. 4] and makes the judgement assessment to plaintiffs complaints being

5.

a extreme risk to his safeguard. To the degree that defendant Jones, response written on sick-call request was to "Place plaintiff, in medical for observation, [We] need to see your stool". Defendant's Jones-Chambliss, handwriting and signature. <u>Mann v. Taser Int'l., Inc.</u> 588 F.3d 1291, 1307 (11th Cir. 2009)

Then in interrogatories answers (Exh. J pg. 17 #2) defendant Jones is evasive and at times misleading because material fact shows on the date of 12-3-2019, plaintiff had not been treated for his serious medical need or consultated with or about seeing a G.I. specialist

Also defendant contradicts her initial response written on sick-call request [Exh. C pg. 4] when in (Exh. J pg. 3 #15) her admission answers were she did not know plaintiff, was experiencing severe bleeding. Credibility of defendant can be judged to be evasive and misleading when asked about the disregard of her own assessment and response genuine Law standards. <u>Early v. Champion Int'l., Corp.</u>, 907 F. 2d 1077, 1080 (11th Cir. 1990)

Defendant makes a ficticous statement in [Exh. J pg.17 #3] one not acknowledging she wrote the response in [Exh. C pg. 4] and second saying plaintiff received a copy of the sick-call request. And could have told a nurse to put plaintiff in medical for observation when plaintiff, only required a copy of this sick-call through public records request and Request for production. Plaintiff by the amount of sick-call request submitted and with the urgency he's asking for treatment claims he definetly would have wrote in to medical. And plaintiffs claims of inadequate medical care <u>have stayed consistant and precise. Anderson v. Liberty, Inc.</u>, 477 U.S. 242, 255. 106 S. Ct. 2505 91 L. Ed. 2d 202 (1986)

Defendant Rosemary Jones-Chambliss, in [Exh. J pg. 18-19 #10] states plaintiff was treated with imodium AD when in fact plaintiff asked for the imodium AD. The only symptom medical staff treated was they put plaintiff on a supplemental fiber to slow down the diarrhea. At no time before plaintiff saw G.I. specialist Alec Lui, was plaintiff treated for the severe bleeding that had progressed to hemorrhagic blood being release out the rectum. Along with around the clock cramping pain of the abdomen with prolonged discomfort. Rollins v. Techsouth, 883 F.2d 1525, 1528 (11th Cir. 1987)

Plaintiff writes medical after the date of 12-3-2019 see [Exh. C pgs. 10] claiming he's enduring pain and suffering for a consistant lengthy amount of time with the diarrhea being chronic and constant for over a month by now the date 12-10-2019. Nine days later plaintiff puts in for an extra toilet paper roll sick-call request because he is defecating 16 to 17 times a day in a 24 hour period. Medical staff acknowledges his symptoms and complaint being warranted when the give him a extra toilet paper roll pass. One out of two in the whole Indian River County Sheriff's office Jail. see [Exh. H pg. 1] Speaker v. U.S. Dept of Health 623 F.3d 1371, 1380 (11th Cir. 2010)

Plaintiff later after enduring emotional stress from the delay of adequate medical treatment from his serious medical need deprivation from both defendants Rosemary Jones-Chambliss, LPN, and M.D. Gary R. Silverman. He was seen by a gastrointestinal specialist and had a colonoscopy to be then diagnosed with Ulcerative Colitis - Ulcerative procitis. That causes inflammation and ulcers (sores) in your digestive tract. Ulcerative colitis affects the innermost lining of your large intestine (colon) and rectum.

7.

Doctors often classify ulcerative colitis according to its location. Types of Ulcerative colitis include:

<u>Ulcerative proctitis</u> — Inflammation is confined to the area closest to the anus (rectum), and rectal bleeding may be the only sign of the disease.

<u>Proctosigmoiditis</u> — Inflammation involves the rectum and sigmoid colon

<u>Left-sided colitis</u> — Inflammation extends from the rectum up through the sigmoid and descending colon.

<u>Pancolitis</u> — This type often affects the entire colon and causes bouts of bloody diarrhea that may be severe, abdominal cramps and pain, fatigue, and significant weight loss. all include bloody diarrhea with abdominal cramps and pain. Inflammatory Bowel Disease there are flare-ups or relapses, which are the inflammation of the areas of the gastrointestinal part of the abdomen. The first goal is to get the flare-up into remission, and then maintain remission. The inflammation and ongoing diarrhea doesn't respond to over-the-counter medications.

For <u>mild</u>-anti-inflammatory medications prescribed are "Aminosalicylate" for <u>moderate</u> corticosteriods are very effective and powerful anti-inflammatory and for <u>severe</u> "immunodulators -TNF Alpha inhibitors" are prescribed.

All medications that have to be prescribed by a G.I. specialist. Complications that are know to occur during long untreated flare ups is "Fistula" that could lead to a pretty bad bladder infection that has to be treated with antiobiotics and typically require surgery. one of the most common are "Abscess" pocket of infection that has a risk of rupture that can cause a life threatening infection of the abdominal cavity called peritonitis.

8.

During a flare-up the person is much more likely to acquire a severe abdominal infection (sometimes prophylatic or preventative antibiotic will be prescribed).

And the other is specifically colorectal cancer chances are higher of developing cancer when a person is diagnosed with Ulcerative colitis. Lifestyle modifications are where their entire rectum and colon being removed Know as a proto colectomy. Along with a strict Low Fiber diet.

While it has [NO] Know cure, treatment can greatly reduce signs and symptoms of the disease and bring about longterm remission. Estelle v. Gamble, 429 U.S. 97 104, 97 S. Ct. 285, 50 L. Ed. 2d. 251 (1976)

Plaintiffs sick-call complaints and along with bringing his symptoms to the attention to the Indian River County Jail medical staff see [Exh. C pg. 5, 6, 7]. Show plaintiff, bringing awareness of facts from which the inferring could be drawn that the symptoms were progressive and getting worse. Abdominal pain, blood in plaintiffs stool, diarrhea that awakens him from his sleep, and with the constant urgency to defecate. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)

Plaintiff, notices over a week goes by from sick-call complaint of the diarrhea still constant and now onset of bleeding from the same complaint and area being the anus (rectum). Then a Knee injury occurs to where plaintiff, puts in a sick-call request and is called to medical for that complaint. Only a dip stick is done on my complaints of diarrhea, bleeding, and abdominal pain. see [Exh. B pgs. 5-6] A month goes by before plaintiff writes a sick-call request with because of medical and defendants failure to implement "policies" regarding response time for inmate medical treatment for complaints of a serious medical need

9.

Castleberry v. Goldome Credit Corp. 408 F 3d 773 785-86 (11th Cir. 2001)

Comes to the date of the acts of deliberate indifference by defendant Rosemary Jones-Chambliss. In affidavit [Exh. J pgs. 4-6 numbers 22-29] and see defendents [DE-77 pg.11] and also [DE-76 pgs. 4-6 #18,19].

Defendant Rosemary Jones, gives absolute ficticous accounts of the events of her calling plaintiff to medical for sick-call on the date of 1-13-2020. Plaintiff disputes her testimony contrary to the affidavit [Exh. K pgs. 16-21] and defendant's depositions of plaintiff [DE-76-5 pgs. 4-6 pg. 16-21] Plaintiff claims that he has always been consistant and precise and there was [NO] examination on that sick call visit of the date 1-13-2020.

Aschcroft v. Iqbal 556 U.S. 662, 678, 129 S. Ct. 1937 L. Ed 2d 868 (2009)

Plaintiff alleges he was [not] even taken into a evaluation room on the date of 1-13-2020 or given a chance to advise defendant Rosemary Jones of any complaints of consistant diarrhea and still have severe bleeding from the (rectum). Defendant with the culpable act to humiliate and detour the plaintiff from seeking medical treatment. Initiated disrespectful and discriminatory allegations and violated plaintiffs rights see 42 U.S.C. § 2000-2(m) providing that an unlawful employement practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a "Motivating Factor" for any employement practice, even though other factors motivated the practice. When defendant Rosemary Jones makes the conscious disregard to evaluate and assest plaintiffs sick-call complaints that had detail progression with a lengthy period of time being complaints of needs of some form of relief or diagnosis.

Plaintiff with affidavit shows material fact that defendant Rosemary Jones credibility is judgmental with [Exh. K pg. 1-12]. Defendant acted with deliberate indifference with discriminatory allegations telling plaintiff stop in the engaging in sexual liasons and the symptoms would stop. "which have only meant the severe bleeding that was occuring" Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986)

Stated in Defendants [DE-76] pg. 4 number 18 there counsel writes the accusations as rumors. To which plaintiff's stating fact that defendant Jones stated [they] had several reports on plaintiff engaging in sexual liasons.

Being if defendant was conducting a form of a medical examination/screening that of her concerned plaintiffs severe bleeding for months by that date. Defendant see [Exh. J pg. 5 #23] would have made a medical note, chart note, and or have had some documentation to verify her claims of plaintiffs symptoms from being from gay liasons. see defendant's [DE 76-9 pg 9] There is a Zero tolerance standard for sexual abuse or assault. Guidelines are set forth in the Jails policy to ensure the safety of all incarcerated in the Indian River County Jail.

Showing defendant Jones credibility is in question once again. Morton v. Kirkwood, 707 F. 3d 1276, 1284 (11th Cir. 2013)

Defendants [DE-77] pg. 11 defendants counsel writes it's irrelevant that defendant Rosemary Jones didn't report these several reports to her supervisors. Defendant Jones is a employee of the Indian River County Sheriffs medical staff and in defendants [DE 76-9] pg 2. It states the policies and procedures of the Bureau of Corrections are in accordance with all federal, state, and municipal laws. And that one of the jails objectives is to protect inmates constitutional rights during confinement.

11.

Defendant Jones, did not follow one of the policies and procedures and "Legal Duty" and "contractual obligations" by Fla. Stat. 951.23 Chapter administration; standards and requirements (2022 Florida statues) (4) Standards for sheriffs and chief correction officers 1.b. and definition (10) it is a misdemeanor and punishable Fla. Stat. 775.082 or S. 775.083, for county prisoners to knowingly, to violate a posted jail rule governing conduct of prisoners, especially if the rule prohibits any of the following acts: (e) Engaging in sexual acts with others (f) Making sexual proposals or threats to others. Also with defendant Jones submitting of absolute no material fact of this summary judgement to attest being fact. Defendants culpable act was reckless indifference to the rights of the plaintiff's serious medical need. Scinto v. Stansbery, 841, F. 3d 225, 241 (4th Cir. 2016) Plaintiff submitts material fact that defendant had already been investigated for inappropriate or questionable comments in his affidavit [Exh. F. pgs. 6-10] Showing an internal affairs investigation on defendant Rosemary Jones. To which there had to be a history of misconduct because see [Exh. F pg. 11-12] defendant Jones then gets demoted from Director of Nursing to LPN. A little over a year of plaintiffs claims of acts of deliberate indifference to his serious medical needs. Shaw v. Allen, 701 F. App'x 891, 893 (11th Cir. 2017) Plaintiff, now states to the contrary of what defendants say the only reason plaintiff was called to sick-call to see the medical doctor Gary R. Silverman, was grievances against defendant Rosemary Jones and Internal Affairs reports see [Exh. C pgs. 14] and two medical sick-call request [Exh. C pg. 18-19] with family members

12.
12

Calling the Jail demanding plaintiff, see a medical doctor. Defendant Jones being said in affidavit [Exh. J pg. 5 #23] plaintiff was placed on a list to see a medical doctors. Material facts show defendant Jones never put plaintiff on list to see [NO] doctor at that time. Plaintiff's affidavit [Exh. C pg. 18-19] show material facts he's still asking in sick-call request and defendants [DE-76 pg. 4 #20] states the same that plaintiff requested to see the doctor. Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11th Cir. 2009) On sick-call visit 1-14-2020 plaintiff sees medical doctor Gary R. Silverman, for the first time. Contrary to plaintiffs see [Exh. D pg. 1] medical record [NO] rectal exam was done on that day. Defendant silverman, told plaintiff, he was going to run a slew of various lab test on the plaintiff. It is brought to the attention to medical doctor Silverman, that plaintiff has been putting in sick-call request of these complaints of ongoing chronic diarrhea, severe bleeding, abdominal pain and cramps. That has plaintiff sitting on the toilet at least fourteen times a day to release fluids of all of the above symptoms. And plaintiff, telling defendant on that sick-call date that he feels that there is seriously something wrong with his stomach.

In affidavit [Exh. J pg. 12 #13] defendant silverman, says he recommended that a G.I. consult be made per Jail policy. Plaintiff, denies on that day of any talk of a G.I. specialist occured on that sick-call visit. And discrepancies in the medical notes of that visit see [Exh. D pg. 2] and see [Exh. E pg. 4] 2-18-2020 being when defendant notices plaintiffs is loosing blood severly as to he is complaining in his sick-call request. But that was all of over a month later after doctor silverman was told of the symptoms. And the rectal exam on 2-11-2020 that plaintiff pleads for help diagnosing the problem of pain, diarrhea, severe bleeding from the rectum. Defendant silverman aware

13

And still had not done a stool sample to see how much blood the plaintiff was loosing as he complained of for months by that date. Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000)

Again only because plaintiff is enduring emotional stress because the symptoms have been ongoing for 3 months to the date of 2-11-2020. Plaintiff put in another sick-call asking what is going on with a diagnosis, Telling medical that he has had blood in his stool for over two months see [Exh. C pg 20] defendant Rosemary had not scheduled no sick-call visits about the bleeding and defendant silverman had not scheduled no sick-call visits about the bleeding. By that date of 2-11-2020 it had gotten to the point of bright fresh red blood that was hemorrhagic at the way it was coming out the rectum. All through the night and day so plaintiff tired of enduring the stomach pains that come with the symptoms asking what if any of the lab results are stating they have to show something with the way he is severly bleeding. Defendant Silverman, calls plaintiff, to sick-call on 2-11-2020 ask to do a rectul exam plaintiff agrees, it's done. Doctor Silverman tell plaintiff he does not have inner or outer hemirrhoids. And that Doctor Silverman can't tell him what's wrong with his insides that he can no longer try and treat the plaintiff. That if the plaintiff wants further treatment or evaluation he would have to pre-pay an outside specialist. Plaintiff tells him he's been confined for three years at that date he has NO money to pre pay an outside specialist. Defendant tells plaintiff he can't do nothing but give plaintiff another phone number to call of a G.I. specialist and he can give it to his family members. That he could not further investigate or diagnose his symptoms. 14.

Plaintiff, was already showing signs of being under emotional stress with inadequate medical care. Which plaintiff expressed in inmate request see [Exh. C pg. 21] Wilson v. Barnhart 284 F. 3d 1219. 1225 (11th Cir. 2002).

Plaintiff expressing frustration with the both defendants failing to act on information indicating that unconstitutional failure to implement "policies" regarding response time for inmates was violating plaintiff Due Process clause under the Fourthteenth Amendment U.S.C.

To which by the date 2-22-2020 plaintiff still had heard nothing from medical of why he had now been bleeding for almost three months. see [Exh. C pg. 23] Had not been told of any of the results of any of all the various lab test defendant Silverman had taken from the plaintiff. To plaintiff by this date had stopped his routine of daily work outs because he was weak and found himself taking naps. Weeks later G. I. specialist told the plaintiff he was "anemic". Dang by and through Dang v. Sheriff Seminole Cnty. Fla., 856 F. 3d 842, 849-50 (11th Cir. 2017)

Now a week goes by from the last sick-call request and plaintiff is emotionally distraught from the ongoing diarrhea, with hemorrhagic blood loss at the time abdominal cramps and pain with none of the defendants telling the plaintiff anything about his symptoms. At the time the plaintiff is demanding to see lab results and get copies so he can have family members show them to outside doctors because the plaintiff feels as he got to have cancer and is dying because of how much blood he is loosing and has lost by that time. see [Exh. C pg. 25]

Plaintiff being consistant with saying he was specificality denied medical services by defendant Gary R. Silverman, wrote on the top of the sick-call request by Fla. Stat. 951.032

15.

The Indian River County Sheriff's Office BUREAU OF CORRECTIONS has to provide the plaintiff, with adequate medical services, care or treatment. With plaintiff submitting "Material Fact" that defendant Rosemary Jones knew of the symptoms progression from diarrhea to chronic diarrhea then escalate to abdominal pain and cramps escalating to severe bleeding that was ongoing never stops the whole time but only gets more aggresive to which sick-call complaints detail these progressions. Always with the constant urgency to defacate day and night. Defendant Jones totally disregards the severe bleeding and only treats the diarrhea with a fiber supplement. Defendant knew of the progression of the symptoms with "Material Fact" that her signature is in the evaluating Nurse or Doctor section of all these sick-call request see Exh. C pgs. 4, 10, 11, 15, 16, 18, 19, 23, 25, and 26. Expansion time of over two months and the diarrhea started a month before her first signature on [Exh. C pg. 4] showing defendant Rosemary Jones acted with one of subjective recklessness" which entails more than ordinary lack of due care "and deliberate indifference to plaintiff's serious medical need.
Saucier V. Katz , 533 U.S. 194, 202, 121 S.Ct 2151. 150 L. Ed. 2d. 272 (2001)

Plaintiff shows with see [Exh. E pg. 4] medical note with the date 02-18-2020 both defendants finally are being documented for the first time scheduling any visit with a G.I. specialist. And that was only because plaintiff's blood count continues to drop. By the date 02-18-2020 both defendants had already violated a constitutional obligation to provide medical

16.

care to those whom they detain. De Shaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 200, 109 S.Ct. 998, 103 L. Ed. 2d 249 (1989)

Plaintiff with material fact that he still has been told nothing of his symptom and complaints and no response to all the lab test to tell plaintiff what was going on with his health and why it was in a rapid decline. Plaintiff writes a grievance to the Major Selby Strickland, again with the same statement saying defendant Gary Silverman, denied plaintiff anymore treatment towards the complaints of severe bleeding with pain and chronic diarrhea. see [Exh. C pg. 26]

All plaintiff claims of deliberate indifference from each defendant in there individual capacity has staid consistant and precise with all the Exhibits in plaintiffs Affidavit.

Plaintiff gets taken to an outside specialist Alec Lui. who sees Lab test results and reads that he is anemic and obviously is loosing blood so G.I. specialist orders a colonoscopy to be set on that date. Along with multiple other test done on other organs in the abdominal area. G.I. specialist recognized that if plaintiffs symptoms left unattended, poses a substantial risk of serious harm. see [Exh. C pg. 30]

Both defendant Rosemary Jones and Gary Silverman, proved with the grievance submitted the with there acts of not informing plaintiff of any lab test results or on any of the medical assessments that were going on related to his health and concern about if he was going to get treated, what maybe was wrong absolutely nothing was told to the plaintiff leaving him screaming for answers through the procedures and policies put in place for detainees. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000)

17.

On April 10, 2020 plaintiff, was transported to Dr. Alec Lui's gastrointestinal medical practice and a colonoscopy was performed. Results from the colonoscopy indicated that plaintiff had chronic procitts. Plaintiff was prescribed a medication called Lialda see [Exh. A pg. 17] To which the medication stopped the severe bleeding in weeks. And it worked for almost a year until the Lialda stopped working and my stomach cramps started slowly coming back with the mucus or pus starting to gradually reoccur see Affidavit [Exh. G pg. 1, 2] to which plaintiff never again received a medication change because the Indian River County Sheriffs Jail medical department didn't want to pay for the medication. The medical continuously prescribed plaintiff a steroid. Which is not long term usually only a thirty day period to knock down the inflammation and bleeding. In defendants DE-76 pg. 11 # 64] it states plaintiff complained of stomach aches dally due to diarrhea, to the contrary plaintiff states in sick-call request his whole abdomen was in constant pain and discomfort. And due to plaintiff being diagnosed with HEP C with a stage 4 of Fibrosis he was not allowed to take tylenol no more and also ibuprofen was of limits also to plaintiff.

So that's the reason why plaintiff, had to endure the pain with no minor pain pills. Those are the only two pain pills given in County Jail. So once again the counsel of the defendant's gives misleading statements trying to taint the plaintiffs credibility. Jacoby v. Baldwin Cnty., 835 F.3d 1338, 1334 (11th Cir. 2013)

18.

Defendant Gary R. Silverman is not shielded by qualified immunity not only did he violate statutory rights of the plaintiff. Pursuant to Fla. Stat. § 768.28(9)(a) acting in bad faith and not following to perform inside of his discretionary duties. To as lying when he said he did a rectal exam on the date 1-14-2020 showing a manner exhibiting wonton and willful disregard to plaintiffs human rights and safety. To as plaintiffs complaints of bright red blood coming from his rectum is blantant signs of a physical injury occuring. Obremski v. Armor Corr. Health Servs., Inc., 467 F Supp. 3d 1265. 1279 (S.D. Fla. 2020) Defendent not being shielded by qualified immunity when he made the consious culpable acts of disregarding the awareness of plaintiffs serious medical need symptoms being addressed to him and the Health Authority - Medical Doctors conduct was unlawful in the situation to plaintiff made it fully aware of the disrespect and disregard from Supervising Nurse Rosemary Jones-Chambliss, of inadequate medical treatment. That even a lay person would easily recognize the necessity for a doctors attention. Defendent Silverman goes over a month with no treatment to the emotional and physical injury occuring to plaintiff see Affidavit [Exhibit C. pg. 18, 19, 20, and 21] does then plaintiff get called down for a sick-call visit where he get a rectal exam and then a blatant disregard for any more treatment. Date of -2-11-2020 see affidavit [Exh. C pg. 25, 26, 28] Pearson v. Callahan, 555 U.S. 223. 226, 129 S Ct. 808. 172 L. Ed. 2d 565 (2009)

Defendant Gary Silverman, violated plaintiffs rights secured under the Fourteenth Amendment that the goverment has a constitutional obligation to provide medical care

19.

to those it detains. As to Material Facts prove plaintiff was having emotional injury and physical injury occuring the whole time he was putting in sick-call request see [Exhibit 'C' whole thing]. Inflammatory Bowel Disease has the high potential for complications for life threatening infections see [Exh. A pg.3-8 ] To which Defendant on a lengthy time of disregard to the awareness to not perform discretionary duties and treat the injury of bright red blood severly coming from plaintiffs rectum. No defendant is not shielded by Qualified Immunity <u>Saucier v. Katz</u>, 533 U.S. 194. 202 121 S.Ct. 2151, 150 L. Ed. 2d 272 (2001)

Defendant Rosemary Jones-Chambliss, is not shielded under Qualified Immunity as to her conduct violated statutory rights Fla. Stat. § 768.28 (9)(a) unless she can dispute all the exhibits of affidant [Exh. C pg. 4] [Exh. K pg. 1-12] and the [Exh. C all of them] prove defendant acted in bad faith and a manner exhibiting wanton and willful disregard of human rights and safety to the plaintiff <u>Obremski v. Armor Corr. Health Servs., Inc.</u> 467 F. Supp. 3d 1265 1279 (S.D. Fla. 2020) Defendant performs out of her discretionary duties and with the culpable acts and disregard numerous sick-call complaints of a emotional injury and physical injury occuring to plaintiff. That through sick-call request bring to the attention the injury is progressing being as to the bright red blood being severe and constant for month. Plaintiff later to be found correct in being to have a injury occuring when diagnosed with Inflammatory Bowel Disease Ulcerative Colitis - Ulcerative Proctis. <u>Harlow v. Fitzegerald</u>, 457 U.S. 800 818, 102S.Ct. 2727, 73 L. Ed. 2d 396 (1982)

20.

Plaintiff disputes the "Materia Fact" statements to being ficticous and misleading and alleges defendant Rosemary Jones-Chambhrs treated plaintiff unconstitutionally and with indequate medical care durin his detention. To also disputes the Memorandum of Law to treatment to plaintiffs diarrhea not the serious medical need of bright red blood being an injury occuring and defendant disregarding the complaint for a outrageous lengthy time. Violated the fourteenth Amendment to the U.S.C. Due Process Clause. <u>Estelle v. Gamble</u>. 429 U.S. 97. 104. 97 S. Ct. 285 50 L. Ed. 2d 251 (1976)

Wherefore, because plaintiff has disputed the Memorandum of Law from the defendant's with a sworn affidavit. With evidence that contradicts both defendants testimony in the Summary Judgement and material facts the Honorable Judge should rule in favor for plaintiff and deny defendants summary Judgement.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Submitted on the 12 day of October 2022.

Respectfully submitted
/s/ Richard J. Rivera (Pro Se)
RICHARD J. RIVERA
Wakulla C.I. · Main unit
110 Melaleuaca Dr. Crawfordville Fla.
32327

21.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed a copy of the foregoing with the Clerk of the Courts by using the CM/ECF system and a copy of the forgegoing has been furnished by U.S. Mail to Attorney Christy M. Imparato, 2455 E. Sunrise Blvd. Suite 1216. Fort Lauderdale, FL. 33304 this day 12 of October 2022.

/s/ Richard J Rivera

RICHARD JUSTIN RIVERA (pro se)
Wakulla - Main Unit
110 Melaleuca Dr.
Crawfordville, Fla. 32327

Richard Justin Rivera B10529
Wakulla C.I. - Main Unit
110 Melaleuca Dr.
Crawfordville, Fla. 32327

MAILED FROM A
CORRECTIONAL
FACILITY






ZIP 32327
02 4W
0000386097OCT 12 2022

US POSTAGE PITNEY BOWES
$ 000.00°








OFFICE OF THE CLERK
400 NORTH MIAMI Ave.
Miami, Fla. 33128-7716

U.S.M.S.
INSPECTED
BY:


LEGAL MAIL
Provided to
Wakulla CI

OCT 1 2 2022

FOR MAILING

Notary