UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICHARD JUSTIN RIVERA,
 Plaintiff,

CASE NO: 2:21-CV-14302-DPG

V.

ROSEMARY JONES-CHAMBLISS,
and GARY R. SILVERMAN, M.D.,
 Defendants

FILED BY MC D.C.
OCT 19 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## STATEMENT of MATERIAL FACTS in OPPOSITION to DEFENDANT'S STATEMENT of MATERIAL FACTS

1. Comes now RICHARD JUSTIN RIVERA, plaintiff, in the above-entitled case number pursuant Fed. R. Civ. P. Rule 56(c)(4). Pleads his statement of Material Facts in Opposition to Defendants, Statement of Material Facts. Seeking relief and damages for the alleged deliberate indiffrence acts of both defendants in their individual capacity.

2. The defendants are not entitled to summary judgement because there are genuine issues to defendant's material of facts and what plaintiff disputes in stating is total fabrication and respectfully request that this Honorable Court rule in plaintiffs favor to which defendants have [NO] credibility after this material facts in opposition and Affidavit prove defendants to be misleading. see also Memorandum of Law in opposition to Defendants.

3. At no time is this pleading is plaintiff, using The DOCTRINE of Respondeat Superior on defendant's Gary R. Silverman, and Supervisor Nurse Rosemary Jones-Chambliss. The doctrine was attempted to be added in a Amended complaint to try and

1.

hold the defendants employers responsible for the lack of supervision of it's employees and poor training. But dissmissed

4. In the Memorandum of LAW page 11 defendant nurse Jones-chambliss ordered a urine culture and restarted plaintiff on fiber due to his gastrointestinal complaints. In plaintiff's Affidavit (Exh. C page 4) Nurse Jones-Chambliss ordered plaintiff to be "placed in Medical for observation", "we need to see your stool". Defendant's initial evaluation of plaintiff sick-calls request complaints and the now progression to blood in his stool lead defendant to make the assessment to put plaintiff in medical for observation. Showing defendant Jones-chambliss on that day 12-3-2019 had subjective knowledge that plaintiff was at risk of harm.

5. Then acting with a culpable state of mind defendant Jones disregards that risk and made a decision to take an easier but less efficacious course of treatment which was Metamucill. Which maybe treats minor cases of diarreah but not chronic bleeding of the abdomen and rectum. All the while also not bringing plaintiff to medical to observe his stool and bleeding. Defendant's Nurse Jones gives [NO] explanation in [DE-76] pages 2,3 numbers 8 why the defendant disregards bringing plaintiff to medical for observation.

6. In [DE-76] pages 4-6 numbers 18-19 and in [DE-77] page 11 defendant Rosemary Jones, gives a absolute ficticous account of the events of plaintiff being called to sick-call on 1-13-2020. For the record and with exhibits and depositions (Exh. K pages 16-21) deposition (Exh. DE-76-5 pages 4-6 "pages 16-21") for the record there was [NO] examination on that sick-call visit. Plaintiff wasn't even taken into a evaluation room or get a chance to advise nurse Rosemary Jones, of any complaints of the bleeding and diarreah progessing.

2.

7. Nurse Rosemary Jones-chambliss, initiated the discriminatory allegations and violated plaintiffs rights see 42 U.S.C. § 2000-2 (m) providing that an unlawful employement practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a "Motivating Factor" for any employment practice, even though other factors motivated the practice.

8. Which is one of plaintiffs claim that defendant Rosemary Jones acted with deliberate indifference to choose not to evaluate and assest plaintiff's continous sick calls see (exh.C, 1-14). defendant's reckless accusatory response to plaintiff's complaints were for plaintiff to stop being involved in engaging in sexual liasons in G-block and just maybe your problems will stop.

9. In [DE-76] pg 4. number 18 defendants counsel writes the accusations as rumors. Plaintiff's stating fact that Nurse Jones stated the medical had several reports.

10. [DE-77] pg. 11 defendant's counsel writes it's irrelevant that defendant LPN Jones-chambliss didn't report these several reports to her supervisors. Defendant Jones did not follow her "Legal Duty" and "contractual obligations" by Fla. Stat. 951.23 Chapter administration; Standards and requirements (2022 Florida Statues) (4) Standards for sheriff's and Chief Correction Officer's 1.b. and definition (10) it is a misdemeanor and punishable Fla. Stat. 775.082 or s. 775.083, for county prisoners to knowingly, to violate a posted jail rule governing conduct of prisoners, especially if the rule prohibits any of the following acts:

3.

(e) Engaging in sexual acts with others
(f) Making sexual proposals or threats to others
    Defendant Jones, breached her contract by not making these reports and by not forwarding the information to her superior's of plaintiff being involved in multiple sexual liasons. Defendant has never produced offical documents and if she was trully investigating these reports Florida Jail Model Standards got procedures you got to follow and there is a Zero Tolerance for sexual behavior in every Jail and Institution. Defendant is being Misleading in her Summary Judgement.

    11. Pertaining to [DE-76] page 45 numbers 20-22 defendants counsel write's in number 20 (Exh. C pg. 15) that was the first time plaintiff requested to see the medical doctor for his gastrointestinal issues.

    12. When in Fact that is counsel's opinion because fact is every sick-call request and complaint plaintiff submitted to medical he was under the assumption the symptoms and complaints warranted a Medical Doctors evaluation.

    13. DE-76 page 5 numbers 21-22 plaintiff agrees that he was taken to medical to see M.D. Gary Silverman, but did not have a rectal examination until the next visit see Affidavit (Exh. D page 2) Defendant silverman, only told plaintiff he was going to run various amounts of Lab test. In Affidavit (Exh. J page 12) number 13 Dr. Silverman says he did a rectal exam and recommended that a G.I consult be made, per Jail policy. Plaintiff denies any talk of a G.I. specialist occured on that visit. and discrepancies in the medical notes of that visit. (Exh. D pg. 2) and (Exh. E pg 4) with the date 2-18-2020 being the date of the rectal examination and talk of a G.I. specialist.

4.

**14.** Plaintiff claims that defendant Gary Silverman on 2-11-2020 sick-call visit (exh. D pg. 2) acted with deliberate indifference when at sick-call defendant told plaintiff he wasn't going to further evaluate plaintiff's complaints no more. And that if plaintiff wants any other evaluations for diagnosis he would have to pre-pay an outside specialist. That defendant Silverman wasn't going to do nothing further for his complaints.

**15.** Plaintiff had put in a inmate request see (exh. C pg. 21) the day before demanding to see a specialist because he knew the medical staff weren't going to be able to diagnosis him.

**16.** Defendant's counsel writes in [DE-76] pg 5 number 25 On February 10, 2020 and February 11 2020 plaintiff submitted medical request. That's a blatant misleading statement I put it in the day before the sick-call visit. And plaintiff's has come to the conclusion that's why defendant D. Silverman told him on sick call visit 2-11-2020 that he wasn't requesting the consultation. If plaintiff wanted it he would have to pay for it. Is the way defendant Silverman was addressing my Request.

**17.** After that Rosemary Jones won't even give plaintiff copies of his lab results or even let him view them see (Exh. C pg. 23-24) and (Exh. C pg. 25) Exhibits show plaintiff's side of the situation occuring with defendant's LPN Jones, and M.D. Silverman. And (Exh. C pg. 25) shows plaintiff was being denied any further treatment or evaluations really because I was never treated for the chronic bleeding and diarreah Just given over the counter medicines like putting a bandade over a bleeding wound.

5.

18. Plaintiff is finally scheduled to see a specialist see (Exh. A pg. 10-15) showing that plaintiff has a serious medical condition that when he is having a flare-up, it causes severe bleeding, diarreah, pain and discomfort and to endure it for 4 months and be told nothing wrong with you emotional distress.

19. Plaintiffs serious medical condition when not treated leads him to have the constant urge to use the bathroom/Defecate. Leading to plaintiff to be one of only two inmates who had an extra toilet paper pass see (Exh. H pg. 1) proving at times he used the toilet 13 times in a 24 hour period.

20. Plaintiff was diagnosed with ulcerative procitis which is a stage in ulcerative colitis see (page 6 Ehx. A) it explains there's four stages. Not treating flare-ups or relapses can cause life threatening complications, like Fistula that can cause a bad bladder infection that has to be treated with antibiotics and surgery and complications of Abscess that when they rupture can cause a very bad intenstinal infection. see (Exh. A 3-9) Showing plaintiff complaints were never fabricated and an objective component with objectively insufficient response to that need.

21. Plaintiff finally gets prescribed medication from the specialist that in within three weeks the diarreah and bleeding go into remission. The medication is called Lialda and works for a year straight but eventually stops and plaintiff then starts having flare-ups that medical staff treats with a steriod not an inflammation medication leaving plaintiff having repeat flare-ups. weeks after the steroid describtion ends.

WHEREFORE, the defendants "Material Facts" are disputed with plaintiff's Material Facts of Opposition to defendants. And plaintiff has documentation that shows questionable comments and behavior by both the defendants. see Affidavit Exhibits "F","K", along with the lengthy time defendant's delayed adequate medical care and affidavit Exh. C shows that defendants were aware of the symptoms of the date of 12-3-2019. Not once was the plaintiff treated for severe bleeding that was progressing rapidly the whole time up until he saw an Outside specialist. And was actually denied treatment from Medical Doctor Gary R. Silverman. Medical notes and chart notes in Affidavit Exhibits "B" and "E" prove that.

With the seriousness of the plaintiff's disease which is Inflammatory Bowel Disease - Ulcerative Colitis and all the complications that can occur during a flare-up. Plaintiff was at serious risk of harm the whole time he was putting in Sick-call request with the exact symptoms his disease has when in a flare-up. Which only goes into remission with more than one medication at the time of a flare-up. And the blatant disrespect and denial of medical care for the severe bleeding. When with the culpable minds of both defendant's acts in the Affidavit Exhibits show an willful, and wantonnes to avoid plaintiff's asking the defendants to follow policies, and procedures delayed treatment rose to a constitutional violation that under the Fourteenth Amendment the goverment has a constitutional obligation to provide medical care to those whom it detains. Estelle v. Gamble, 429 U.S. 97. 104, 97 S.Ct. 285, 50 L. Ed. 2d. 251 (1976). That when the state by the affirmative excercise of it's power so restrains on individual's liberty

pg. 7

that it renders him unable to care for himself, reasonable his safety. When that obligation is carried out through a private entity" to which defendant Gary R. Silverman was "Health Authority under a "contractual obligation" "agreement" and Fla. Stat. 768.28. State action is present and the defendants were acting under the Color of Law at all times during this claim. With the acts of Bad faith, and malicious disregard of plaintiffs human rights, and safety. And the defendants making these decisions not because of policy procedures but of there culpable disregard to treat the bleeding and take plaintiff's complaints as a health risk worth further investigation. Shows they were not acting under the Scope of employement therefore not protected under Qualified Immunity. <u>Saucier v. Katz</u>. 533 U.S. 194, 202 121. S. Ct. 2151. 150 L. Ed. 2d. 272 (2001)

For the Foregoing reasons, the defendants motion for summary judgement should be denied.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of Perjury that the foregoing is true and correct. Submitted this ___ day of October 2022.

/s/ Richard J. Rivera (Pro Se)
RICHARD JUSTIN RIVERA
Wakulla C.I. Main Unit
110 Melaleuca Dr. Crawfordville. Fla. 32327
D.O.C. # 10529

ps. 8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed a copy of the foregoing with the Clerk of the Courts by using the CM/ECF system and a copy of the forgegoing has been furnished by U.S. Mail to Attorney Christy M. Imparato, 2455 E. Sunrise Blvd. Suite 1216, Fort Lauderdale, FL. 33304. this day 12 of October 2022.

/s/ Richard J Rivera
RICHARD JUSTIN RIVERA (pro se)
Wakulla - Main Unit
110 Melaleuca Dr.
Crawfordville, Fla. 32327

pg. 9

Richard Justin Rivera E105529
Wakulla C.I. - Main Unit
110 Melaleuca Dr.
Crawfordville, Fla. 32327

MAILED FROM A CORRECTIONAL FACILITY



ZIP 32327
02 4W
0000386097 OCT 12 2022
US POSTAGE $000.00°

OFFICE OF THE CLERK
400 NORTH MIAMI Ave.
Miami, Fla. 33128-7716

U.S.M.S. INSPECTED BY:




LEGAL MAIL
Provided to
Wakulla CI

OCT 12 2022

FOR MAILING

Notary