UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

RICHARD JUSTIN RIVERA,

       CASE NO.: 2:21-cv-14302-DPG

    Plaintiff,

v.

ROSEMARY JONES-CHAMBLISS
and GARY R. SILVERMAN, MD,

    Defendants.
_____/

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR FINAL SUMMARY JUDGMENT

Defendants, ROSEMARY JONES-CHAMBLISS and GARY SILVERMAN, MD, by and through their undersigned attorneys, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, file this Reply Memorandum of Law in Support of their Motion for Summary Judgment, and in support thereof would state as follows:

### Defendants' Statement of Material Facts is Appropriately Deemed Admitted

Plaintiff's Statement of Facts (ECF No. 86) fails to comply with Local Rule 56.1 of this Court which states in pertinent part:

> (1) All Statements of Material Facts. All Statements of Material Facts (whether filed by the movant or the opponent) shall be filed and served as separate documents and not as exhibits or attachments. In addition, the Statements of Material Facts shall:
>
> (A) Not exceed ten (10) pages;
>
> (B) Consist of separately numbered paragraphs, limited as far as practicable to a single material fact, with each fact supported by specific, pinpoint references to particular parts of record material, including depositions, documents, electronically stored information, affidavits, stipulations

1

(including those made for purposes of the motion only), admissions, and interrogatory answers (e.g., Exhibit D, Smith Affidavit, ¶2; Exhibit 3, Jones deposition, p. 12/lines4-9).

The pinpoint citations shall reference pages (and line numbers, if appropriate, of exhibits, designate the number and title of each exhibit, and provide the ECF number of all previously filed materials used to support the Statement of Material Facts. When a material fact requires specific evidentiary support, a general citation to an exhibit without a page number or pincite (e.g., "Smith Affidavit" or "Jones Deposition" or "Exhibit A") is non-compliant. If not already in the record on CM/ECF, the materials shall be attached to the statement as exhibits specifically titled within the CM/ECF system (e.g., Smith Affidavit dated April 12, 2017, Jones Deposition dated May 19, 2018).

* * *

(2) Opponent's Statement of Material Facts.

**(A) In addition to complying with the requirements of sub-section (b)(1), an opponent's Statement of Material Facts shall correspond with the order and paragraph numbering format used by the movant, but it shall not repeat the text of the movant's paragraphs.**

**(B) An opponent's Statement of Material Facts shall use, as the very first word in each paragraph-by-paragraph response, the word "disputed" or "undisputed."**

(C) If an opponent's Statement of Material Facts disputes a fact in the movant's Statement of Material Facts, then the evidentiary citations supporting the opponent's position must be limited to evidence specific to that particular dispute.

(D) Any additional facts that an opponent contends are material to the motion for summary judgment shall be numbered and placed immediately after the opponent's response to the movant's Statement of Material Facts. The additional facts shall use separately numbered paragraphs beginning with the next number following the movant's last numbered paragraph, the additional facts shall be separately titled as "Additional Facts" …

* * *

**(c) Effect of Failure to Controvert Undisputed Facts.** All material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence; and (ii) any exception under Fed. R. Civ. P. 56 does not apply.

>**(d) Consequences of Non-Compliance.** If a party files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement, require immediate compliance, grant relief to any opposing party for any prejudice arising from a non-compliant statement or response, or enter other sanctions that the Court deems appropriate.

S.D. Local Rule 56.1(a-d).

The Court places great emphasis upon its local rules, which "have the force of law." Laremore v. Holiday CVS, LLC, No. 20-CIV-61650-RAR, 2021 WL 3053348, at *3 (S.D. Fla. July 20, 2021) (citing Hollingsworth v. Perry, 558 U.S. 183, 191 (2010)). Local Rule 56.1 serves the valuable purpose of crystallizing the relevant factual disputes for the Court by allowing the non-movant to contest the specific factual assertions in each paragraph of the movant's statement. Laremore, 2021 WL 3053348, at *3. When parties comply with the rule, "it is relatively easy for a court to determine whether there is a genuine disputed issue of fact. Basically, all a court needs to do is to look at the opposing statement of material facts on a paragraph-by-paragraph basis, see whether any paragraphs are designated as disputed and then make note of the evidentiary reasons for the dispute." Laremore, 2021 WL 3053348, at *3 (citing Berkower v. USAA Cas. Ins. Co., No. 15-23947, 2017 WL 1250419, at *3 (S.D. Fla. Apr. 4, 2017); see also Joseph v. Napolitano, 839 F. Supp. 2d 1324, 1329 (S.D. Fla. 2012) ("As the official comments to Local Rule 56.1 explain, the rule's clear procedural directive is intended to reduce confusion and prevent the Court from having to scour the record and perform time-intensive fact searching. The rule thus reflects a clear policy that it is not the court's obligation to scour the record for a factual dispute that precludes summary judgment."). "[F]ailing to comply with [this Local Rule] can be costly, as all material facts in a party's statement of facts may be deemed admitted unless controverted by the adverse party. L.R. 56.1(c). Further, if a party fails to file a statement of facts that complies with Local Rule 56.1, then consistent with Federal Rule of Civil Procedure 56, the Court may strike the

statement, grant relief to the opposing party, or enter other sanctions that the Court deems appropriate. L.R. 56.1(d)." Campbell v. Allstate Ins. Co., No. 2:19-CV-14270-RLR, 2021 WL 148735, at *3 (S.D. Fla. Jan. 15, 2021).

Here, the Plaintiff's Statement of Material Facts does not comply with the local rules. The paragraphs do not correspond with the ordering and paragraph number of Defendants' Statement of Material Facts nor does each fact indicate whether its "disputed" or "undisputed" making it almost impossible for Defendants to reply. In addition, Plaintiff's Statement of Material Facts does not have a separate section of additional facts, the additional facts are just spread throughout the main facts. For these reasons, Plaintiff's Statement of Material Facts is insufficient to challenge a properly supported motion for summary judgment. As a result, it is appropriate for the Court to deem the Defendants' Statement of Material Facts as undisputed and admitted.

## Plaintiff's Medical Care was Constitutionally Adequate[1]

Plaintiff failed to create a genuine dispute of material fact regarding whether Defendants were deliberately indifferent to his medical needs and whether there is a causal connection between the alleged deficient medical care and the Plaintiff's injury.

The medical care Plaintiff received is well documented in the records attached to Defendants' Statement of Material Facts. The only dispute there appears to be is regarding what procedure/exam was performed during two visits with Dr. Silverman in January and February of 2020. However, the medical records should control, not the Plaintiff's memory. Even if they do not control, whether the rectal examination was performed in January or February does not change the result.

---

[1] Plaintiff's Response to Defendants' Motion for Summary Judgment (ECF No. 85) essentially recites the factual assertions contained in his Response to Defendants' Statement of Material Facts so the majority of them will not be addressed again by Defendants.

Plaintiff claims that he experienced severe pain and rectal bleeding that never stopped and in fact, became worse. (ECF. No. 85, pg. 16). However, medical records do not support that claim. On December 2, 2019, Nurse Luna evaluated Plaintiff due to complaints that his lower left quadrant felt sore and that he felt pain when holding his urine. (ECF No. 76-4, pg. 9). Nurse Luna noted that Plaintiff exhibited no signs or symptoms of distress. (Id.). On December 10, 2019, Plaintiff submitted a medical request advising that he had diarrhea for more than one month, had stomach aches and a light pain when holding his bladder. (ECF No. 76-3, pg. 10). Plaintiff further advised that Metamucil had helped but his diarrhea had returned. (Id.). On January 13, 2020, Nurse Jones Chambliss conducted a follow up examination with Plaintiff regarding his gastrointestinal issues during which time the Plaintiff advised that he continued to pass gas with bright red stool but advised that his loose stools were better. (ECF No. 76-4, pgs. 7-8). During the examination by Dr. Silverman on January 14, 2020, Plaintiff complained of watery stool and diarrhea for the past month. (ECF No. 76-3, pgs. 15-16). Medical records reflect that the Plaintiff was not experiencing vomiting or stomach issues, his weight was stable and his appetite was normal. (ECF No. 76-3, pg. 16; 76-4, pg. 7). Plaintiff reported that the loose stool decreased when he took Imodium. (Id.). The second examination by Dr. Silverman occurred on February 11, 2020, during which time the Plaintiff complained of blood in his stool and loose stool. (ECF No. 76-3, pg. 21). Plaintiff advised that Imodium provided some relief. (Id.). Medical records reflect that Plaintiff's weight was stable, he was not vomiting and his appetite was normal. (Id.). The records reflect that Dr. Silverman did not consider Plaintiff's condition to be an emergency medical condition. (ECF No. 76-6, pg. 3, #11).

On March 3, 2020, Plaintiff was seen by Dr. Lui. (ECF No. 76-7, pgs. 1-3). Records reflect that Plaintiff advised Dr. Lui that for the past three (3) months he had 5-6 stools per day. (Id.). At

first his stools were loose but lately had been more formed. (Id.). Plaintiff further advised that for the past two (2) months he observed blood in his stool. (Id.). Plaintiff reported no abdominal pain, melena, constipation, fever, chills, vomiting or nausea. (Id.). Plaintiff reported that his appetite and weight were stable. (Id.). The outside specialist wasn't able diagnose Plaintiff during his first examination but Dr. Lui suspected that Plaintiff may have IBS (irritable bowel syndrome) and ordered further tests. (Id.). It wasn't until a colonoscopy was performed off site that the Plaintiff was diagnosed with chronic proctitis. By the time the Plaintiff saw Dr. Lui on June 3, 2020, Plaintiff was doing well, his rectal bleeding resolved two weeks prior and he currently had regular formed bowel movements. (ECF No. 73-7, pgs. 7-9).

The Plaintiff repeatedly claims that he suffered "severe" bleeding but the medical records do not support that claim. According to Dr. Silverman, although labs showed that Plaintiff's hemoglobin was a little low, that did not indicate hemorrhagic bleeding. (ECF No. 76-6, pg. 4, #21).

Nurse Jones Chambliss' demotion one year after this incident is irrelevant and is the subject of a motion in limine. (See ECF No. 84). Her demotion did not relate to the provision of medical care to inmates.

Plaintiff repeatedly references Florida Statute 768.28, which does not apply in this case as there are no state law claims in this lawsuit.

Plaintiff repeatedly asserts that Defendants were aware of his serious medical condition because he told them his was having diarrhea and bloody stool. However, Defendants were not obligated to act on Plaintiff's self-diagnosis to the extent there was one. See Sumlin v. Lampley-Copeland, 757 F. App'x 862, 867 (11th Cir. 2018) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). And although Defendants did not know what was causing Plaintiff's symptoms

6

prior to his diagnosis, they never denied him treatment while at the jail. What's more, the Plaintiff refused certain treatments he was prescribed.

Construing all facts, and drawing all reasonable inferences, in the Plaintiff's favor, a reasonable jury could not find that the medical care provided by Defendants constituted "grossly inadequate care." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). The failure to diagnose chronic proctitis sooner amounted, at most, to negligence or medical malpractice, not deliberate indifference. See Sumlin v. Lampley-Copeland, 757 F. App'x 862, 867 (11th Cir. 2018) ("Sumlin faults Dr. Copeland for failing to detect the signs of a stroke, but that alleged error amounts, at most, to negligence or medical malpractice, not deliberate indifference.")

## Qualified Immunity

Plaintiff has failed to demonstrate that Defendants both violated his constitutional right by providing constitutionally deficient medical care and that the right was clearly established at the time of the incident in this case. Plaintiff cites to Obremski v. Armor Corr. Health Servs., Inc., 467 F. Supp. 3d 1265, 1276 (S.D. Fla. 2020). Obremski is factually distinguishable from this case. In Obremski, lab results showed that the arrestee was dangerously dehydrated, suffering from a severe infection, having seizures and tremors, his skin turned yellow, he wasn't eating or drinking, he was hallucinating and did not know where he was or why he was there, he was experiencing withdrawal symptoms, and experiencing a precipitous loss of internal blood whose origin was not then known. Obremski was visibly in an extremely poor condition. Here, Plaintiff was not in a visibly poor condition. In fact, he suffered no weight loss, no vomiting, no fever, no loss of appetite, no issues with his vital signs. When Plaintiff saw Dr. Lui on March 3, 2020, he reported no abdominal pain, melena, constipation, fever, chills, vomiting or nausea. (ECF No. 76-7, pgs. 1-

3). His symptoms included diarrhea, indigestion and some blood in his stool for which he was continuously treated. And Plaintiff admitted that although he was prescribed a liquid fiber, he was not taking the fiber because it made him urinate too frequently.

## Conclusion

As no reasonable jury could conclude that Defendants violated Plaintiff's constitutional rights which were clearly established, Defendants are entitled to summary judgment as a matter of law.

*/s/ Christy M. Imparato*
CHRISTY M. IMPARATO, ESQUIRE
Fla. Bar No. 0084631
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:    (954) 462-3200 Facsimile:    (954) 462-3861
E-mail: christy@purdylaw.com; patty@purdylaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed a copy of the forgoing with the Clerk of the Court by using the CM/ECF system and a copy of the foregoing has been furnished by U.S. Mail to Pro Se Plaintiff, Richard Justin Rivera, ID # E10529, Wakulla – Main Unit, 110 Melaleuca Drive, Crawfordville, Florida 32327, this **26th** day of October, 2022.

*/s/ Christy M. Imparato*
CHRISTY M. IMPARATO, ESQUIRE
Fla. Bar No. 84631
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida  33304
Telephone:    (954) 462-3200
Facsimile:    (954) 462-3861
E-mail: Christy@purdylaw.com; Patty@purdylaw.com
Attorney for *Defendants*